*W. R. Harrison* and *W. S. Shirley*, for appellant.

*C. F. McNutt* and *A. Ennis*, for appellee.

———————◇———————

Exparte THOMPSON, Administrator of WOODY.

APPEAL from the *Washington* Common Pleas.

RAY, J.—The appellant, as administrator *de bonis non* of *Levi .Woody*, deceased, filed his statement of the condition of the estate for final settlement. In that statement he included, as credits, two notes of $500 each, signed by certain persons and alleged to be worthless. The court refused to admit those items as credits, but directed them to be charged as part of the assets of the estate. From that ruling of the court the administrator appeals. The notes were given for money loaned by the executor, who had sold property under the provisions of the will, and who had afterward fled the country leaving the notes uncollected, and proof was made that, at the date the notes were taken, the persons who executed them were regarded as solvent; that they failed in business about the time the executor absconded from the country, and that the administrator *de bonis non* had been unable to collect the amount of the notes from them. The appellant urges as an objection to the ruling of the court, that the sureties of the executor, upon

his official bond, should not be held liable for the amount of these notes. There is no order in the record requiring suit to be brought against them, and the administrator of the estate is not the proper person to represent their interests. No proof was made, on the hearing, that if proper steps had been taken by the executor, when the notes became due, they could not have been collected. We are not advised of the reason for the refusal of the court to permit the notes to be treated as worthless. The effect of the refusal seems simply to be the continuance of the estate in court for further proceedings. It may be that the court will order suit to be instituted against the sureties upon the executors bond. Proof was not introduced on the hearing of this application relieving the late executor and his sureties from liability, and we are not, therefore, prepared to decide that the action of the court was erroneous.

The order of the court below is affirmed, at the cost of the appellant.

*A. J. Simpson*, for appellant.